ÆTNA NAT. BANK and others *v.* MANHATTAN LIFE INS. CO. and others.

(*Circuit Court, S. D. New York.* August 3, 1885.)

1. FRAUDULENT ASSIGNMENT OF LIFE INSURANCE POLICY—BILL BY CREDITORS OF DECEASED DEBTOR TO SET ASIDE.

A bill in equity may be maintained by creditors of a deceased debtor to set aside a fraudulent assignment of a life insurance policy originally payable to the debtor, his executors, administrators, and assigns, but fraudulently assigned by him to his wife while he was insolvent, and without valuable consideration, notwithstanding such creditors have not obtained judgments at law against the debtor in his life-time, or against his representatives after his decease; it appearing that the complainants had, prior to the death of the debtor, obtained a decree in equity against him and his wife in the circuit court of the United States for the Northern district of Florida, in which the amount of the complainants' debts was adjusted, and in which the said debtor was adjudged to be absolutely insolvent.

2. SAME—INJUNCTION PENDENTE LITE.

It appearing that the fund would be liable to be placed out of the jurisdiction of the court, and beyond the reach of creditors in case they should be ultimately found to be entitled, if the injunction should be refused, *held,* that an injunction *pendente lite* should be granted to restrain the insurance company from paying over the money under the policies until the rights of the parties should be determined.

In Equity.

*William B. Hornblower,* for plaintiffs.

*John W. Weed,* for defendants.

WHEELER, J. According to the bill in this case the policies in question on the life of the husband were originally made payable to the executors, administrators, or assigns of the husband, and the premiums were paid out of his property, which, in equity, belonged to his creditors. And the assignment to the wife shortly before the death of the husband was for a merely nominal consideration, pecuniarily, and was made for the purpose of placing the avails of the policy beyond the reach of his creditors. It is inferable, from the statements of the bill, that the assignment was made in Florida, and not in New York. Its effect may be governed by the laws there rather than by the laws of New York, where the insurance company is located. And by the laws of either the assignment may be so far inoperative, as against his creditors who bring this bill, as to entitle them to the amount due on the policy in preference to the wife as assignee. The fund would be quite liable to be placed out of the jurisdiction of this court, and beyond the reach of the creditors, in case they should be ultimately found to be entitled, if an injunction should be refused and the stay already granted vacated. It seems proper, therefore, that the fund be held where it is until the rights of the parties to it are determined.

It is objected that the creditors have not a sufficient judgment at law upon their claims to entitle them to maintain this proceeding. They have, however, a decree of the circuit court of the United States

for the district of Florida, to which these creditors and the claimant were parties, as well as the debtor, in which, upon similar issues, the amount of their debts, respectively, was adjusted for the same purposes. And, further, the debtor has died leaving the sum due on these policies as a part of his estate, if it belongs to his estate, within this jurisdiction, with no other creditors, so far as yet appears here. These grounds may be found sufficient to uphold the proceedings.

Motion for injunction granted.